UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TANYA CARROLL
                                                CIVIL ACTION
VERSUS
                                                NUMBER 08-128-JJB-SCR
BANK OF GREENSBURG

### RULING ON MOTION TO COMPEL DISCOVERY

Before the court is the defendant's Motion to Compel Discovery.  Record document number 11.  No opposition has been filed.

On November 11, 2008 the defendant served written discovery requests on the plaintiff Tanya Carroll.  Before the period for responding to the discovery expired the plaintiff's attorney withdrew from the case.[1]  Therefore, the defendant attempted to serve the plaintiff directly with the discovery requests.  When no discover responses were received from the plaintiff, the defendant sent a certified letter to the plaintiff at the only viable address it had.[2] According to the defendant's motion, the  plaintiff did not call for the discovery conference, and has not contacted the defendant or provided answers and documents in response to the discovery requests.  Defendant's unsuccessful efforts to obtain the discovery without court action led to the filing of this motion to

---

[1] Record document number 10.

[2] Defendant Exhibits B and C.

obtain the written discovery and an award of expenses incurred in bringing the motion.

Plaintiff's failure to either answer or object to the interrogatories and produce responsive documents demonstrates that under Rule 37(a), Fed.R.Civ.P., the defendant is entitled to an order compelling the plaintiff to respond to the discovery requests. Plaintiff must answer the interrogatories and produce all responsive documents for inspection and copying within ten days. No objections will be allowed.[3]

Under Rule 37(a)(5)(A), if a motion to compel discovery is granted, the court shall, after affording an opportunity to be heard, require the party whose conduct necessitated the motion to pay to the moving party the reasonable expenses incurred in making the motion, unless the court finds that the motion was filed without the movant first making a good faith effort to obtain the discovery without court action, the party's nondisclosure, response or objection was substantially justified, or that other circumstances make an award of expenses unjust.

Plaintiff's failure to respond to the defendant's efforts to obtain discovery and to this motion, demonstrate that the defendant

---

[3] Generally, discovery objections are waived if a party fails to timely object to interrogatories, production requests or other discovery efforts. See, *In re U.S.*, 864 F.2d 1153, 1156 (5th Cir.), *reh'g denied*, 869 F.2d 1487 (5th Cir. 1989); *Godsey v. U.S.*, 133 F.R.D. 111, 113 (S.D. Miss. 1990.)

is entitled to reasonable expenses under this rule.[4]  Defendant did not submit anything to support a request for a specific amount of expenses.  A review of the motion and memorandum supports the conclusion that an award of $150.00 is reasonable.

Accordingly, the defendant's Motion to Compel Discovery is granted.  Plaintiff shall serve substantive answers to the defendant's interrogatories, and produce for inspection and copying all documents responsive to the defendant's requests for production of documents, without objections, within ten days.  Pursuant to Rule 37(a)(5)(A), the plaintiff is also ordered to pay to the defendant, within ten days, reasonable expenses in the amount of $150.00.

Baton Rouge, Louisiana, February 18, 2009.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[4] These same facts show that the plaintiff's actions are not substantially justified and that there are no circumstances which would make an award of expenses unjust.